IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| QUALITY INFUSION CARE, INC. | § | CASE NO. 10-36675-H4-11 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

**OPPOSITION OF GREEN BANK, N.A. TO EXPEDITED MOTION OF BRADFORD N. OESCH FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH ARBITRATION AGAINST THE DEBTOR**

Green Bank, N.A. ("Green"), a secured creditor and party in interest, hereby submits this Opposition to Expedited Motion of Bradford N. Oesch for Relief from the Automatic Stay to Proceed with Arbitration Against the Debtor (the "Motion") and in support hereof states as follows:

**I.      RESPONSE TO NUMBERED PARAGRAPHS**

1.      Admitted.

2.      Admitted.

3.      Unable to admit or deny.

4.      Green admits that the purported Settlement Agreement is attached as Exhibit A but is otherwise unable to admit or deny the allegations in this paragraph.

5.      Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

6.      Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

7.      Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

1

8.      Green admits that the purported Notice of Arbitration is attached as <u>Exhibit B</u> but is otherwise unable to admit or deny the allegations in this paragraph.

9.      Green states that that the Notice of Arbitration speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

10.     Unable to admit or deny.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied

15.     Green submits that this paragraph contains statements of law to which no response is required.

16.     Green submits that this paragraph contains statements of law to which no response is required.

17.     The first sentence of this paragraph contains statements of law to which no response is required.  Green denies the remainder of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Unable to admit or deny.

22.     Unable to admit or deny.

23.     Denied.

4471378.1
59295.2

## II.    ADDITIONAL RESPONSE

24.     It is clear from the Motion and the exhibits attached thereto that Movant is pursuing claims over which this Court has exclusive jurisdiction and/or pursuing claims which are property of the estate.

25.     For example, Movant alleges that "the Rutherfords have exploited the Debtor's assets for their own personal use".  *See* Motion ¶ 8.  If there is a claim against the Rutherfords for denuding the debtor or converting debtor's assets to personal use, such claim is property of the estate.  Any determination of such claim should be made by this Court for the benefit of all creditors.  Similarly, if the Rutherfords have used debtor's funds to form other businesses at the expense of the debtor, these claims are also property of the estate.  Movant also alleges claims for breach of fiduciary duty, aiding and abetting, conversion and constructive fraud – all of which are likely property of the estate.  In fact, it is not clear that Movant has any standing to pursue these claims.

26.     Green suggests that the claims asserted by Movant should be pursued in this Court where all creditors will have an opportunity to participate.  There is no basis to force other creditors who may benefit from the pursuit of these claims to do so in a private arbitration dispute between shareholders of the debtor.

27.     Finally, Movant asserts rights in certain automobiles owned by the debtor.  One of these, a 2008 Mercedes, is subject to Green's perfected purchase money security interest. Competing claims over estate property are uniquely within the province of this Court.

WHEREFORE, Green respectfully requests that the Motion be denied and that the Court grant Green such other and further relief to which Green may be entitled.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1111 Bagby, Suite 4700
Houston, Texas 77002
(713) 525-6280
(713) 525-6395 (Fax)
Email:  mridulfo@brownmccarroll.com


By:/s/ Michael P. Ridulfo
    Michael P. Ridulfo
    Texas Bar No. 16902020
ATTORNEY FOR GREEN BANK, N.A.

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of August, 2010, a true and correct copy of the foregoing pleading was served to all parties requesting notice via the Court's CM/ECF notification system and by regular first class mail on the parties listed below.

Chris S. Tillmanns
Tony L. Visage
Bradley J. Benoit
Bracewell & Guiuliani LLP
711 Louisiana, Suite 2300
Houston, TX  77002
*Counsel for Bradford N. Oesch*

Quality Infusion Care, Inc.
6300 Richmond Avenue, Suite 333
Houston, Texas 77057
*Debtor*

Gregg K. Saxe
Law Office of Gregg Saxe, P.C.
6300 Richmond Avenue, Suite 200
Houston, Texas 77057
*Counsel for Debtor*

Stephen Douglas Statham
Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Julie Mitchell Koenig
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX  77380


 */s/ Michael P. Ridulfo*
Michael P. Ridulfo

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| QUALITY INFUSION CARE, INC. | § | **CASE NO. 10-36675-H4-11** |
| | § | **CHAPTER 11** |
| | § | |
| DEBTOR | § | |

**OPPOSITION OF GREEN BANK, N.A. TO EXPEDITED MOTION OF BRADFORD N.**
**OESCH FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH**
**ARBITRATION AGAINST THE DEBTOR**

Green Bank, N.A. ("Green"), a secured creditor and party in interest, hereby submits this Opposition to Expedited Motion of Bradford N. Oesch for Relief from the Automatic Stay to Proceed with Arbitration Against the Debtor (the "Motion") and in support hereof states as follows:

**I.     RESPONSE TO NUMBERED PARAGRAPHS**

1.     Admitted.

2.     Admitted.

3.     Unable to admit or deny.

4.     Green admits that the purported Settlement Agreement is attached as <u>Exhibit A</u> but is otherwise unable to admit or deny the allegations in this paragraph.

5.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

6.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

7.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

1

8.      Green admits that the purported Notice of Arbitration is attached as <u>Exhibit B</u> but is otherwise unable to admit or deny the allegations in this paragraph.

9.      Green states that that the Notice of Arbitration speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

10.     Unable to admit or deny.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied

15.     Green submits that this paragraph contains statements of law to which no response is required.

16.     Green submits that this paragraph contains statements of law to which no response is required.

17.     The first sentence of this paragraph contains statements of law to which no response is required.  Green denies the remainder of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Unable to admit or deny.

22.     Unable to admit or deny.

23.     Denied.

2

## II.     ADDITIONAL RESPONSE

24.     It is clear from the Motion and the exhibits attached thereto that Movant is pursuing claims over which this Court has exclusive jurisdiction and/or pursuing claims which are property of the estate.

25.     For example, Movant alleges that "the Rutherfords have exploited the Debtor's assets for their own personal use".  *See* Motion ¶ 8.  If there is a claim against the Rutherfords for denuding the debtor or converting debtor's assets to personal use, such claim is property of the estate.  Any determination of such claim should be made by this Court for the benefit of all creditors.  Similarly, if the Rutherfords have used debtor's funds to form other businesses at the expense of the debtor, these claims are also property of the estate.  Movant also alleges claims for breach of fiduciary duty, aiding and abetting, conversion and constructive fraud – all of which are likely property of the estate.  In fact, it is not clear that Movant has any standing to pursue these claims.

26.     Green suggests that the claims asserted by Movant should be pursued in this Court where all creditors will have an opportunity to participate.  There is no basis to force other creditors who may benefit from the pursuit of these claims to do so in a private arbitration dispute between shareholders of the debtor.

27.     Finally, Movant asserts rights in certain automobiles owned by the debtor.  One of these, a 2008 Mercedes, is subject to Green's perfected purchase money security interest.  Competing claims over estate property are uniquely within the province of this Court.

WHEREFORE, Green respectfully requests that the Motion be denied and that the Court grant Green such other and further relief to which Green may be entitled.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1111 Bagby, Suite 4700
Houston, Texas 77002
(713) 525-6280
(713) 525-6395 (Fax)
Email:  mridulfo@brownmccarroll.com


By:/s/ Michael P. Ridulfo
    Michael P. Ridulfo
    Texas Bar No. 16902020
ATTORNEY FOR GREEN BANK, N.A.

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 25th day of August, 2010, a true and correct copy of the foregoing pleading was served to all parties requesting notice via the Court's CM/ECF notification system and by regular first class mail on the parties listed below.

Chris S. Tillmanns
Tony L. Visage
Bradley J. Benoit
Bracewell & Guiuliani LLP
711 Louisiana, Suite 2300
Houston, TX 77002
*Counsel for Bradford N. Oesch*

Quality Infusion Care, Inc.
6300 Richmond Avenue, Suite 333
Houston, Texas 77057
*Debtor*

Gregg K. Saxe
Law Office of Gregg Saxe, P.C.
6300 Richmond Avenue, Suite 200
Houston, Texas 77057
*Counsel for Debtor*

Stephen Douglas Statham
Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Julie Mitchell Koenig
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380

*/s/ Michael P. Ridulfo*
Michael P. Ridulfo

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **QUALITY INFUSION CARE, INC.** | § | **CASE NO. 10-36675-H4-11** |
| | § | **CHAPTER 11** |
| | § | |
| **DEBTOR** | § | |

**OPPOSITION OF GREEN BANK, N.A. TO EXPEDITED MOTION OF BRADFORD N. OESCH FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH ARBITRATION AGAINST THE DEBTOR**

Green Bank, N.A. ("Green"), a secured creditor and party in interest, hereby submits this Opposition to Expedited Motion of Bradford N. Oesch for Relief from the Automatic Stay to Proceed with Arbitration Against the Debtor (the "Motion") and in support hereof states as follows:

**I.     RESPONSE TO NUMBERED PARAGRAPHS**

1.     Admitted.

2.     Admitted.

3.     Unable to admit or deny.

4.     Green admits that the purported Settlement Agreement is attached as <u>Exhibit A</u> but is otherwise unable to admit or deny the allegations in this paragraph.

5.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

6.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

7.     Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

1

8.      Green admits that the purported Notice of Arbitration is attached as <u>Exhibit B</u> but is otherwise unable to admit or deny the allegations in this paragraph.

9.      Green states that that the Notice of Arbitration speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

10.     Unable to admit or deny.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied

15.     Green submits that this paragraph contains statements of law to which no response is required.

16.     Green submits that this paragraph contains statements of law to which no response is required.

17.     The first sentence of this paragraph contains statements of law to which no response is required.  Green denies the remainder of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Unable to admit or deny.

22.     Unable to admit or deny.

23.     Denied.

## II.    ADDITIONAL RESPONSE

24.    It is clear from the Motion and the exhibits attached thereto that Movant is pursuing claims over which this Court has exclusive jurisdiction and/or pursuing claims which are property of the estate.

25.    For example, Movant alleges that "the Rutherfords have exploited the Debtor's assets for their own personal use". *See* Motion ¶ 8.  If there is a claim against the Rutherfords for denuding the debtor or converting debtor's assets to personal use, such claim is property of the estate.  Any determination of such claim should be made by this Court for the benefit of all creditors.  Similarly, if the Rutherfords have used debtor's funds to form other businesses at the expense of the debtor, these claims are also property of the estate.  Movant also alleges claims for breach of fiduciary duty, aiding and abetting, conversion and constructive fraud – all of which are likely property of the estate.  In fact, it is not clear that Movant has any standing to pursue these claims.

26.    Green suggests that the claims asserted by Movant should be pursued in this Court where all creditors will have an opportunity to participate.  There is no basis to force other creditors who may benefit from the pursuit of these claims to do so in a private arbitration dispute between shareholders of the debtor.

27.    Finally, Movant asserts rights in certain automobiles owned by the debtor.  One of these, a 2008 Mercedes, is subject to Green's perfected purchase money security interest.  Competing claims over estate property are uniquely within the province of this Court.

WHEREFORE, Green respectfully requests that the Motion be denied and that the Court grant Green such other and further relief to which Green may be entitled.

4471378.1
59295.2

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1111 Bagby, Suite 4700
Houston, Texas 77002
(713) 525-6280
(713) 525-6395 (Fax)
Email:  mridulfo@brownmccarroll.com


By:/s/ Michael P. Ridulfo
    Michael P. Ridulfo
    Texas Bar No. 16902020
ATTORNEY FOR GREEN BANK, N.A.

4471378.1
59295.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2010, a true and correct copy of the foregoing pleading was served to all parties requesting notice via the Court's CM/ECF notification system and by regular first class mail on the parties listed below.

Chris S. Tillmanns
Tony L. Visage
Bradley J. Benoit
Bracewell & Guiuliani LLP
711 Louisiana, Suite 2300
Houston, TX  77002
*Counsel for Bradford N. Oesch*

Quality Infusion Care, Inc.
6300 Richmond Avenue, Suite 333
Houston, Texas 77057
*Debtor*

Gregg K. Saxe
Law Office of Gregg Saxe, P.C.
6300 Richmond Avenue, Suite 200
Houston, Texas 77057
*Counsel for Debtor*

Stephen Douglas Statham
Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Julie Mitchell Koenig
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX  77380

  */s/ Michael P. Ridulfo*
Michael P. Ridulfo

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **QUALITY INFUSION CARE, INC.** | § | **CASE NO. 10-36675-H4-11** |
| | § | **CHAPTER 11** |
| | § | |
| **DEBTOR** | § | |

**OPPOSITION OF GREEN BANK, N.A. TO EXPEDITED MOTION OF BRADFORD N.**
**OESCH FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH**
**ARBITRATION AGAINST THE DEBTOR**

Green Bank, N.A. ("Green"), a secured creditor and party in interest, hereby submits this Opposition to Expedited Motion of Bradford N. Oesch for Relief from the Automatic Stay to Proceed with Arbitration Against the Debtor (the "Motion") and in support hereof states as follows:

**I.    RESPONSE TO NUMBERED PARAGRAPHS**

1.    Admitted.

2.    Admitted.

3.    Unable to admit or deny.

4.    Green admits that the purported Settlement Agreement is attached as <u>Exhibit A</u> but is otherwise unable to admit or deny the allegations in this paragraph.

5.    Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

6.    Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

7.    Green states that that the Settlement Agreement speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

1

8.     Green admits that the purported Notice of Arbitration is attached as <u>Exhibit B</u> but is otherwise unable to admit or deny the allegations in this paragraph.

9.     Green states that that the Notice of Arbitration speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

10.     Unable to admit or deny.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied

15.     Green submits that this paragraph contains statements of law to which no response is required.

16.     Green submits that this paragraph contains statements of law to which no response is required.

17.     The first sentence of this paragraph contains statements of law to which no response is required.  Green denies the remainder of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Unable to admit or deny.

22.     Unable to admit or deny.

23.     Denied.

2

## II.    ADDITIONAL RESPONSE

24.    It is clear from the Motion and the exhibits attached thereto that Movant is pursuing claims over which this Court has exclusive jurisdiction and/or pursuing claims which are property of the estate.

25.    For example, Movant alleges that "the Rutherfords have exploited the Debtor's assets for their own personal use". *See* Motion ¶ 8.  If there is a claim against the Rutherfords for denuding the debtor or converting debtor's assets to personal use, such claim is property of the estate.  Any determination of such claim should be made by this Court for the benefit of all creditors.  Similarly, if the Rutherfords have used debtor's funds to form other businesses at the expense of the debtor, these claims are also property of the estate.  Movant also alleges claims for breach of fiduciary duty, aiding and abetting, conversion and constructive fraud – all of which are likely property of the estate.  In fact, it is not clear that Movant has any standing to pursue these claims.

26.    Green suggests that the claims asserted by Movant should be pursued in this Court where all creditors will have an opportunity to participate.  There is no basis to force other creditors who may benefit from the pursuit of these claims to do so in a private arbitration dispute between shareholders of the debtor.

27.    Finally, Movant asserts rights in certain automobiles owned by the debtor.  One of these, a 2008 Mercedes, is subject to Green's perfected purchase money security interest.  Competing claims over estate property are uniquely within the province of this Court.

WHEREFORE, Green respectfully requests that the Motion be denied and that the Court grant Green such other and further relief to which Green may be entitled.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1111 Bagby, Suite 4700
Houston, Texas 77002
(713) 525-6280
(713) 525-6395 (Fax)
Email:  mridulfo@brownmccarroll.com


By:/s/ Michael P. Ridulfo
    Michael P. Ridulfo
    Texas Bar No. 16902020
ATTORNEY FOR GREEN BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2010, a true and correct copy of the foregoing pleading was served to all parties requesting notice via the Court's CM/ECF notification system and by regular first class mail on the parties listed below.

Chris S. Tillmanns
Tony L. Visage
Bradley J. Benoit
Bracewell & Guiuliani LLP
711 Louisiana, Suite 2300
Houston, TX  77002
*Counsel for Bradford N. Oesch*

Quality Infusion Care, Inc.
6300 Richmond Avenue, Suite 333
Houston, Texas 77057
*Debtor*

Gregg K. Saxe
Law Office of Gregg Saxe, P.C.
6300 Richmond Avenue, Suite 200
Houston, Texas 77057
*Counsel for Debtor*

Stephen Douglas Statham
Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Julie Mitchell Koenig
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX  77380


  */s/ Michael P. Ridulfo*
Michael P. Ridulfo

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| QUALITY INFUSION CARE, INC. | § | CASE NO. 10-36675-H4-11 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

**OPPOSITION OF GREEN BANK, N.A. TO EXPEDITED MOTION OF BRADFORD N.
OESCH FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH
ARBITRATION AGAINST THE DEBTOR**

      Green Bank, N.A. ("Green"), a secured creditor and party in interest, hereby submits this

Opposition to Expedited Motion of Bradford N. Oesch for Relief from the Automatic Stay to

Proceed with Arbitration Against the Debtor (the "Motion") and in support hereof states as

follows:

**I.     RESPONSE TO NUMBERED PARAGRAPHS**

      1.     Admitted.

      2.     Admitted.

      3.     Unable to admit or deny.

      4.     Green admits that the purported Settlement Agreement is attached as Exhibit A

but is otherwise unable to admit or deny the allegations in this paragraph.

      5.     Green states that that the Settlement Agreement speaks for itself but is otherwise

unable to admit or deny the allegations in this paragraph.

      6.     Green states that that the Settlement Agreement speaks for itself but is otherwise

unable to admit or deny the allegations in this paragraph.

      7.     Green states that that the Settlement Agreement speaks for itself but is otherwise

unable to admit or deny the allegations in this paragraph.

1

8.      Green admits that the purported Notice of Arbitration is attached as <u>Exhibit B</u> but is otherwise unable to admit or deny the allegations in this paragraph.

9.      Green states that that the Notice of Arbitration speaks for itself but is otherwise unable to admit or deny the allegations in this paragraph.

10.     Unable to admit or deny.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied

15.     Green submits that this paragraph contains statements of law to which no response is required.

16.     Green submits that this paragraph contains statements of law to which no response is required.

17.     The first sentence of this paragraph contains statements of law to which no response is required.  Green denies the remainder of this paragraph.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Unable to admit or deny.

22.     Unable to admit or deny.

23.     Denied.

4471378.1
59295.2

## II.     ADDITIONAL RESPONSE

24.     It is clear from the Motion and the exhibits attached thereto that Movant is pursuing claims over which this Court has exclusive jurisdiction and/or pursuing claims which are property of the estate.

25.      For example, Movant alleges that "the Rutherfords have exploited the Debtor's assets for their own personal use". *See* Motion ¶ 8.  If there is a claim against the Rutherfords for denuding the debtor or converting debtor's assets to personal use, such claim is property of the estate.  Any determination of such claim should be made by this Court for the benefit of all creditors.  Similarly, if the Rutherfords have used debtor's funds to form other businesses at the expense of the debtor, these claims are also property of the estate.  Movant also alleges claims for breach of fiduciary duty, aiding and abetting, conversion and constructive fraud – all of which are likely property of the estate.  In fact, it is not clear that Movant has any standing to pursue these claims.

26.     Green suggests that the claims asserted by Movant should be pursued in this Court where all creditors will have an opportunity to participate.  There is no basis to force other creditors who may benefit from the pursuit of these claims to do so in a private arbitration dispute between shareholders of the debtor.

27.     Finally, Movant asserts rights in certain automobiles owned by the debtor.  One of these, a 2008 Mercedes, is subject to Green's perfected purchase money security interest.  Competing claims over estate property are uniquely within the province of this Court.

WHEREFORE, Green respectfully requests that the Motion be denied and that the Court grant Green such other and further relief to which Green may be entitled.

4471378.1
59295.2

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1111 Bagby, Suite 4700
Houston, Texas 77002
(713) 525-6280
(713) 525-6395 (Fax)
Email:  mridulfo@brownmccarroll.com


By:/s/ Michael P. Ridulfo
    Michael P. Ridulfo
    Texas Bar No. 16902020
ATTORNEY FOR GREEN BANK, N.A.

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of August, 2010, a true and correct copy of the foregoing pleading was served to all parties requesting notice via the Court's CM/ECF notification system and by regular first class mail on the parties listed below.

Chris S. Tillmanns
Tony L. Visage
Bradley J. Benoit
Bracewell & Guiuliani LLP
711 Louisiana, Suite 2300
Houston, TX  77002
*Counsel for Bradford N. Oesch*

Quality Infusion Care, Inc.
6300 Richmond Avenue, Suite 333
Houston, Texas 77057
*Debtor*

Gregg K. Saxe
Law Office of Gregg Saxe, P.C.
6300 Richmond Avenue, Suite 200
Houston, Texas 77057
*Counsel for Debtor*

Stephen Douglas Statham
Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Julie Mitchell Koenig
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX  77380

   */s/ Michael P. Ridulfo*
Michael P. Ridulfo

4471378.1
59295.2